Nott, Ch. J.,
delivered the opinion:
The.court is of the opinion that the final payment of the $440, made by the claimant at the proper time and place and to the proper officer of the United States, and in the expectation of receiving in consideration thereof his final certificate of entry, is conclusive evidence that he did not intend to abandon his entry; and the courtis of the opinion that he was entitled either to receive from the defendants that for which he paid his money or to receive back his money from the defendants’ officers.
The court is also of the opinion that the payment of the money to the receiver of the land office was, in fact, a payment to the defendants. The embezzlement of the money by the receiver may have left the Secretary of the Interior without a fund which he could return to the claimant, but for the purposes of this action the money, when paid to the receiver, *489 became as much money in the legal'possession of the defendants as if it had been paid into their Treasury. (Smith v. The United States, 170 U. S. R., 372.)
The court is also of the opinion that,' the claimant having been compelled by the regulations of the Interior Department to pay the final purchase money when he submitted his final proofs, the money so depositeá was in the nature of a pledge that he would complete his part of the transaction when the defendants should be ready to complete theirs (Smith v. United States, supra), and that, under the land laws and the usage of the Land Office, he might, and indeed it was his duty to, appeal to the Commissioner and Secretary for redress before subjecting the defendants to an action at law, and that while the matter was so pending and until the final refusal of the Secretary to refund the money the statute of limitations did not begin to run. The Supreme Co-urt has said in an analogous though not identical land case: “A right of payment of money theretofore paid has been given bjr the act, but it is only under the act that the right exists, and that right is to have the Secretary, in a proper case, issue his warrant in pajrment of the claim, and until he refuses to do so no wrong is done and no case for a remedy is presented. After the refusal the question then arises as to the remedy.” (Medbury v. The United States, 173 U. S. R., 492, 497.)
The judgment of the court is that the claimant recover $440.